1  RONALD W. BEALS, Chief Counsel
2  JEANNE SCHERER, Deputy Chief Counsel
   JOSE AGUIRRE, Assistant Chief Counsel
   KATHRYN T. PAPALIA, State Bar No. 173472
3  1120 N Street, P.O. Box 1438 (MS 57)
   Sacramento, California 95812-1438
4  Telephone: (916) 654-2630
   Facsimile:  (916) 654-6128
5
6  Attorneys for Defendants State of California,
   Department of Transportation and Sharon Ott
7
8                    UNITED STATES DISTRICT
9                EASTERN DISTRICT OF CALIFORNIA

10  RICHARD GODINA,                    )  Case No. 2:12-CV-02454-KJM-CKD
                                       )
11              Plaintiff,             )
                                       )
12                                     )  DEFENDANTS' NOTICE OF MOTION AND
                                       )  MOTION TO DISMISS FOR FAILURE TO
13     vs.                             )  STATE A CLAIM UPON WHICH RELIEF
                                       )  CAN BE GRANTED; MEMORANDUM OF
14                                     )  POINTS AND AUTHORITIES
                                       )  [FRCP 12(b)(6)]
15                                     )
                                       )
16  CALTRANS, SHARON OTT,              )  Date:     January 18, 2013
                                       )  Time:     10:00 a.m.
17              Defendant.             )  Location: Courtroom 3, 15th Floor
                                       )  Before:   Honorable Kimberly J. Mueller
18  _____)

19
20      TO PLAINTIFF RICHARD GODINA AND HIS ATTORNEYS OF RECORD:

21      PEASE TAKE NOTICE that on January 18, 2013, at 10:00 a.m. or as soon thereafter as the

22  matter may be heard in Courtroom 3 of the above-entitled court, located at 501 I Street, Sacramento,

23  California 95814, Defendants California Department of Transportation ("Caltrans") and Sharon Ott

24  (hereafter collectively referred to as "Defendants") will move this court to dismiss various claims

25  pursuant to Federal Rules of Civil Procedure ((FRCP) 12(b)(6)) because these claims fail to state a claim

26  upon which relief can be granted.  Defendants' motion is based on the following grounds with respect to

27  the following causes of action:

28  / / /

---

                                       1

1.     Plaintiff's First, Third, Fifth, and Ninth causes of action against both defendants based on Title VII (42 U.S.C. § 2000 et seq.) fail to state a claim because plaintiff does not allege exhaustion of administrative remedies.

2.     Plaintiff's First and Second causes of action for gender discrimination, Fifth and Sixth causes of action for retaliation and Seventh and Ninth causes of action for race discrimination alleged against Defendant Sharon Ott are barred because individuals cannot be held liable for discrimination or retaliation under 42 United States Code section 2000e ("Title VII") or the Fair Employment and Housing Act ("FEHA").

3.     Plaintiff's Fifth and Sixth causes of action for retaliation against both defendants are barred because plaintiff failed to allege exhaustion of administrative remedies.

4.     Plaintiff's Eighth Cause of action for violation of 42 United States Code section 1981 against both defendants is defective as plaintiff has not and cannot allege the existence of a contract between the parties and is barred as to Defendant Caltrans because section 1981 contains no right of action against a State.

5.     Plaintiff's Tenth cause of action against Defendants based on Article I, section 7 of the California Constitution is barred as this provision confers no private right of action.

6.     Plaintiff's Eleventh cause of action against both Defendants fail to allege compliance with the claim presentation requirements of the Government Claims Act (Gov. Code § 810 et seq.) and therefore barred.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**

1    7.    Plaintiff's Eleventh cause of action is barred due to failure to allege plausible facts

2  establishing the elements of a claim under the Ralph Act and therefore fails to state a claim upon which

3  relief can be granted.

4  Dated: 12/18/12                    .                    RONALD W. BEALS, Chief Counsel

5                                                          JEANNE SCHERER, Deputy Chief Counsel
                                                           JOSE AGUIRRE, Assistant Chief Counsel

6                                                          KATHRYN T. PAPALIA

7

8                                                          By _____
                                                                KATHRYN T. PAPALIA

9                                                          Attorney for Defendants, State of California,
                                                           Department of Transportation ("CALTRANS") and

10                                                         Sharon Ott

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**

## TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................................... 1

II.   STANDARD OF REVIEW ........................................................................................ 2

III.  LEGAL ARGUMENT ................................................................................................ 3

    A.   Plaintiff's First, Third, Fifth and Ninth causes of action against both defendants based on Title VII fail to state a claim because plaintiff has failed to allege exhaustion of his administrative remedies. ...................................................................................................................... 3

    B.   Plaintiff's Fifth and Sixth Causes of Action for retaliation are defective for failure to allege exhaustion of administrative remedies.......................................................................... 4

    C.   Plaintiff's First and Second causes of action for gender discrimination, Fifth and Sixth causes of action for retaliation and Seventh and Ninth causes of action for race discrimination against Defendant Sharon Ott are barred because individuals cannot be held liable for discrimination under Title VII or FEHA............................................................................... 5

    D.   Plaintiff's Eighth cause of action for violation of 42 United States Code section 1981 is barred as plaintiff has not alleged a contract between the parties and any attempt to cure the defect would be futile.......................................................................................................................6

    E.   Plaintiff's Tenth Cause of Action is barred because there is no private right of action for violation of Article 1, section 7 of the California Constitution. ............................................ 7

    F.   Plaintiff's Eleventh cause of action against both defendants fails to allege compliance with the claim presentation requirements of the Government Claims Act and is therefore barred...................... 7

    G.   Plaintiff's Eleventh cause of action for "Ralph Act" violations is deficient for failure to allege the elements of a violation of the Ralph Act............................................................................ 9

IV.   CONCLUSION.............................................................................................................. 10

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**

1

## TABLE OF AUTHORITIES

2   CASES                                                                                   PAGE

3   *Ashcroft v. Iqbal*, 556 U.S. 662 ........................................................................... 2, 12

4   *Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4[th] 860 ................... 12

5   *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696 ................................ 2

6   *Bates v. Franchise Tax Board* (2004) 124 Cal.App.4[th] 367 ......................... 9, 10, 11

7   *Bozaich v. State of California* (1973) 32 Cal.App.3d 688 .......................................... 9

8   *Briggs v. Lawrence* (1991) 230 Cal.App.3d 605 ...................................................... 9

9   *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143 ................................... 5

10  *Commodore Home Systems, Inc. v. Sup. Ct. (Brown)* (1982) 32 Cal.3d 211 ........... 4

11  *Denney v. Universal CityStudios, Inc.* (1992) 10 Cal.App.4[th] 1226 ...................... 5

12  *Gatto v County of Sonoma* (2002) 98 Cal.App.4[th] 744 .......................................... 9

13  *Ivey v. Board of Regents of the Univ. of Alaska* (9th Cir. 1982) 673 F.2d 266 ......... 3

14  *Javor v. Taggart* (2002) 98 Cal. App. 4th 795 ........................................................ 8

15  *Jones v Lodge at Torrey Pines Partnership* (2008) 42 Cal.4[th] 1158 ..................... 6

16  *Jones v. Community Redevelopment Agency* (9th Cir. 1984) 733 F.2d 646 ............. 3

17  *Lopez v. Youngblood*, 609 F. Supp. 2d 1125 ........................................................... 8

18  *Lozada v. City of S.F.*  (2006) 145 Cal.App.4[th] 1139 ....................................... 9, 10

19  *Magistretti County v. Merced Irrigation District* (1972) 27 Cal.App.3d 270 ........... 9

20  *Mangold v. Cal. Pub. Utils. Comm'n* (9th Cir. 1995) 67 F.3d 1470 ........................ 8

21  *Miller v Maxwell* (9th Cir. 1993) 991 F.2d. 583 ................................................. 5, 6

22  *Miller v. State of California* (1977) 18 Cal.3d 808 .................................................. 7

23  *Pena v. Gardner* (9th Cir. 1992) 976 F.2d 469 ...................................................... 3

24  *Pittman v. Oregon Employment Department* (9th Or 2007) 509 F.3d 1065 .......... 7

25  *Pizza, Inc. v. McDonald*, (2006) 546 U.S. 470 ...................................................... 7

26  *Reno v. Baird* (1998) 18 Cal.4[th] 640 .................................................................. 6

27  *State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234 ................... 8, 9

28  *Surrell v. California Water Service* (9th Cir. (Cal) 2008) 518 F.3d 1097 ............... 3, 4

ii

## DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES

| STATUTES | PAGE |
|---|---|
| 42 U.S.C. § 2000 et seq. | 3 |
| 42 U.S.C. § 2000e(b) | 5 |
| 42 U.S.C. § 2000e-5(e)(1) | 3 |
| 42 U.S.C. 1981 | 6, 11 |
| Civil Code section 51.7 | 9, 10 |
| FRCP 12(b)(6) | 1 |
| Gov. Code § 810 et seq | 7 |
| Gov. Code § 905.2 | 7 |
| Gov. Code § 911.2 | 9 |
| Gov. Code § 12960 et seq | 9 |
| Gov. Code § 12965(b) | 4 |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES

### MEMORANDUM OF POINTS AND AUTHORITIES

In support of its motion to dismiss certain causes of action pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted, Defendants submit the following Memorandum of Points and Authorities.

### I.    INTRODUCTION

For purposes of this motion only, Defendants do not dispute the truth of the matters alleged in the Complaint as summarized herein.  Plaintiff Richard Godina alleges that he is a Mexican American male. (Comp. Paras. 8 and 14.)[1]  Since 1999, he has been employed as a Program Tech II with Defendant Caltrans and remains in that position.  (Comp. Para. 13.)  Plaintiff alleges Defendant, Sharon Ott is an individual employed by Caltrans who was his former supervisor until May 23, 2011. (Paras. 10 and 15.)  Plaintiff then alleges several discrete incidents beginning in April 2010 and continuing through September 2011 – four months after Ms. Ott ceased to be his supervisor.

These incidents occurred over approximately two years.  On April 8, 2010, Ms. Ott allegedly overlooked plaintiff to act as lead while she was absent from the office.  (Para. 18.)  Plaintiff immediately met with "managers" to indicate that he felt Ms. Ott was making minorities feel unwanted by not selecting him for a lead role.  (Para.19.)

Approximately eight months later, on December 27, 2010, Ms. Ott allegedly yelled at him about overtime while he was on the phone.  (Para. 22.)  He filed a complaint with Caltrans about this incident. (Para. 25.)  Three months after that, around March 15, 2011, plaintiff claims that Ms. Ott responded to news of his uncle's death by asking if he died from eating too many tortillas and refused to permit plaintiff to "make up" missed work with "overtime."  (Para. 26.)

On May 11, 2011, Ms. Ott allegedly required plaintiff to email her when he arrived at work in retaliation for his complaints filed against her.  (Para. 28.)  Next, plaintiff alleges that on May 20, 2011, while he was walking down the hall, Ms. Ott attempted to run into him and he "had to take evasive action" to "avoid a collision" as she "did not make an attempt to avoid him."  (Para. 29.)  Plaintiff reported this incident to his supervisors and filed a workplace violence report.  During the investigation,

---

[1]  All further references are to plaintiff's Complaint unless otherwise noted.

1

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**

1   Ms. Ott was temporarily relocated to another position.  (Paras. 30 and 31.)  Plaintiff acknowledges that

2   Ms. Ott was not his manager after May 23, 2011.  (Para. 15.)  Plaintiff does not allege any personal

3   contact or interaction with Ms. Ott after May 20, 2011.

4          However, several months later, on September 1, 2011, when Ms. Ott was no longer his

5   supervisor, there was a meeting that plaintiff did not attend.  (Para. 32.)  When someone asked where he

6   was, Ms. Ott allegedly stated that he should grow some "cojones."  (Para. 32.)  Although plaintiff was

7   not present at this meeting, he claims that unspecified persons filed internal complaints as a result.

8   (Paras. 32 and 33.)  Plaintiff alleges no further interactions or incidents after this date.

9          Nevertheless, nine months later on April 12, 2012, he filed unspecified charges with the

10  Department of Fair Employment and Housing ("DFEH") and the federal Equal Employment

11  Opportunity Commission ("EEOC").  (Paras. 5 and 6.)  On June 14, 2012, more than a year after

12  Ms. Ott ceased supervising him and more than a year after any personal interactions between these

13  individuals, plaintiff claims he experienced such stress and anxiety that he sought medical attention.

14  (Para. 34.)  This was also nine months after the September 1, 2011, meeting that he did not attend.

15         On this meager basis, plaintiff asserts eleven causes of action against both Defendants based on

16  state and federal law claiming gender and race discrimination, retaliation, sex harassment, violation of

17  the California Constitution and the Ralph Civil Rights Act.

18  **II.     STANDARD OF REVIEW**

19         A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal

20  theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  (*Balistreri v.*

21  *Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699).  To survive a motion to dismiss, a complaint

22  must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

23  face."  (*Ashcroft v. Iqbal*, 556 U.S. 662, 677-678).  "A claim has facial plausibility when the plaintiff

24  pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

25  for the misconduct alleged."  (*Iqbal*, 556 U.S. at 677-678)  "The plausibility standard is not akin to a

26  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

27  unlawfully."  (*Iqbal*, 556 U.S. 662, 677-678)  Conclusory allegations and unwarranted inferences are

28  insufficient to defeat a motion to dismiss.  (*Iqbal*, 556 U.S. at 677-678)  Similarly, vague allegations of

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF
POINTS AND AUTHORITIES**

1    official participation in civil rights violations are not sufficient to defeat a motion to dismiss. (*Ivey v.*

2    *Board of Regents of the Univ. of Alaska* (9th Cir. 1982) 673 F.2d 266, 268; *Pena v. Gardner* (9th Cir.

3    1992) 976 F.2d 469, 471)  "The plaintiff must 'allege with at least some degree of particularity overt

4    acts which defendants engaged in' that support plaintiff's claim." (*Jones v. Community Redevelopment*

5    *Agency* (9th Cir. 1984) 733 F.2d 646, 649 (citations omitted.))

6    **III.    LEGAL ARGUMENT**

7              **A. Plaintiff's First, Third, Fifth and Ninth causes of action against both defendants**
              **based on Title VII fail to state a claim because plaintiff has failed to allege**
8              **exhaustion of his administrative remedies.**

9         Plaintiff is required to exhaust his administrative remedies prior to bringing suit for violations of

10   Title VII (42 U.S.C. § 2000 et seq.). (42 U.S.C. § 2000e-5(e)(1)) (*Surrell v. California Water Service*

11   (9th Cir. (Cal) 2008) 518 F.3d 1097, 1104).  Plaintiff's First, Third, Fifth, and Seventh causes of action

12   each allege violations of Title VII against both defendants but omit any allegation that he exhausted his

13   administrative remedies for these claims.

14        In paragraph 6, plaintiff alleges he submitted a formal unspecified complaint to the EEOC who

15   issued a right to sue letter on June 29, 2012, but does not disclose what charges he filed with EEOC.

16   (Para. 6.)  He also alleges he filed an unspecified charge/complaint with DFEH, but does not allege what

17   charge he filed or clearly state he obtained a right to sue letter from DFEH.  (Para. 5.)  These allegations

18   do not disclose whether plaintiff did or did not exhaust his administrative remedies as to each claim and

19   in any event, plaintiff never refers to, or incorporates by reference, either of these paragraphs anywhere

20   else in his Complaint.

21        Instead, plaintiff specifically alleges in support of each <u>**FEHA**</u> cause of action that he filed a

22   charge of <u>discrimination</u> with DFEH" [emphasis added]. (*See* Compl. 9:25, 10:7, 12:21 – 24, 13:3-5,

23   16:1, 20:13, 22:20.)  However, no such specifics are included as part of his Title VII claims, which as

24   noted, also do not incorporate paragraphs 5 or 6 by reference.  From each of plaintiff's Title VII causes

25   of action, plaintiff omits any allegation that he complied with the requirements to exhaust his

26   administrative remedies before filing suit.

27        Plaintiff is required to exhaust administrative remedies before bringing suit and has failed to

28   clearly allege he did so.  Defendants should not have to guess whether plaintiff satisfied the requisite

---

3

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO**
**STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF**
**POINTS AND AUTHORITIES**

1   requirement to timely file charges and exhaust administrative remedies before filing suit on his Title VII

2   claims.  Because plaintiff has not clearly alleged compliance with these requirements as they pertain to

3   his Title VII causes of action his First, Third, Fifth and Ninth causes of action are precluded.

### B. Plaintiff's Fifth and Sixth Causes of Action for retaliation are defective for failure to allege exhaustion of administrative remedies.

6   Plaintiff's Fifth and Sixth causes of action allege retaliation under Title VII and FEHA

7   respectively.  Plaintiff is required to exhaust his administrative remedies before bringing suit under Title

8   VII or FEHA. (*Surrell v. California Water Service* at 1104; Gov. Code § 12965(b); *Commodore Home*

9   *Systems, Inc. v. Sup. Ct. (Brown)* (1982) 32 Cal.3d 211, 214)  Both of plaintiff's claims for retaliation

10  fail to include an allegation that he exhausted his administrative remedies for a claim of retaliation prior

11  to filing this Complaint.

12  As already mentioned, plaintiff's general allegations that he filed unspecified charges with

13  DFEH and EEOC are not incorporated by reference in any of his causes of action or mentioned

14  elsewhere in his Complaint. (Legal Argument A, *supra*.)

15  In support of his claim for retaliation under FEHA, plaintiff specifically alleges in his Sixth

16  cause of action that he filed an administrative charge of "discrimination" with DFEH on an unspecified

17  date and that DFEH issued a notice of right to sue thereon at some unspecified time. (Comp. 16:1-2.)  A

18  charge of "discrimination" will not support a claim of retaliation as they are separate and distinct causes

19  of action. (See *Denney v. Universal CityStudios, Inc.* (1992) 10 Cal.App.4[th] 1226, 1232-

20  1234, disapproved on another point in *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143,

21  1151, 1156, 1158.)  Plaintiff's Sixth cause of action for retaliation in violation of FEHA is therefore

22  deficient because it fails to allege exhaustion of administrative remedies.  Likewise, plaintiff's Fifth

23  cause of action for retaliation based on Title VII does not allege compliance with any filing requirement

24  or allege exhaustion of any administrative remedies.

25  In sum, plaintiff has failed to allege anywhere in his Complaint that he exhausted administrative

26  remedies with respect to a claim for retaliation.  For this reason, plaintiff's allegations in support of his

27  Fifth and Sixth causes of action for retaliation have failed to state a claim upon which relief can be

28  granted and should be dismissed.

4

**C. Plaintiff's First and Second causes of action for gender discrimination, Fifth and Sixth causes of action for retaliation and Seventh and Ninth causes of action for race discrimination against Defendant Sharon Ott are barred because individuals cannot be held liable for discrimination under Title VII or FEHA.**

Plaintiff's First, Second, Seventh and Ninth causes of action allege gender and race discrimination against Sharon Ott based on alleged violations of FEHA and Title VII.  Individuals, including supervisors, are not liable for discrimination as a matter of law.

Under Title VII and FEHA only "employers" may be held liable for discrimination.  Under Title VII, an employer is defined as one who is employing at least 15 persons.  (42 U.S.C. § 2000e(b).)  Ms. Ott is not plaintiff's "employer" under this statute and cannot be held liable for discrimination. (*Miller v Maxwell* (9th Cir. 1993) 991 F.2d. 583, 587-588)  As has been noted by the Ninth Circuit, it cannot have been Congress' intention to excuse small employers from the burden of litigating Title VII claims while imposing that same burden on individuals.  (*Miller v Maxwell, supra.* (No individual liability for discrimination even if individual is supervisor.))  Likewise, Ms. Ott is not considered plaintiff's employer under FEHA and there is also no individual liability for discrimination asserted under FEHA.  (*Reno v. Baird* (1998) 18 Cal.4th 640, 663 ("individuals who do not themselves qualify as employers may not be sued under FEHA for alleged discriminatory acts."))

The state and federal courts have extended this reasoning to also exempt individuals from liability for retaliation.  In *Jones v Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, the California Supreme court extended its holding in *Reno v. Baird, supra,* in which they had held that individuals could not be held personally liable for discrimination.  In *Torrey Pines,* the Court concluded that individuals, including supervisors, also could not be liable for retaliation under FEHA.  (*Torrey Pines, supra.* 42 Cal.4th 1158, 1163-1164)  The court held that the "rationale for not holding individuals personally liable for discrimination applies equally to retaliation."  (*Torrey Pines, supra*, 42 Cal.4th at p. 1164)  Thus individuals may not be held liable for retaliation under FEHA.  Individuals are also not liable for retaliation under Title VII.  (*See Miller v Maxwell* (9th Cir. 1993) 991 F.2d. 583, 587-588.)

Plaintiffs, First, Second, Fifth, Sixth, Seventh and Ninth causes of action alleging race and gender discrimination and retaliation against Sharon Ott are precluded and should be dismissed.

///

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**

1

**D. Plaintiff's Eighth cause of action for violation of 42 United States Code section 1981 is barred as plaintiff has not alleged a contract between the parties and any attempt to cure the defect would be futile.**

2

3    The Supreme Court has interpreted 42 United States Code section 1981 to prohibit racial

4    discrimination by both private parties and state entities in the making and enforcement of contracts.

5    (***Pittman v. Oregon Employment Department*** (9th Or 2007) 509 F.3d 1065, 1067)   The Supreme Court

6    has recognized that section 1981 has a specific function which is to protect the equal right of "all

7    persons…to make and enforce contracts without respect to race." (***Domino's Pizza, Inc. v. McDonald***,

8    (2006) 546 U.S. 470, 474)   Plaintiff has failed to allege the existence of any contract between the parties

9    governing his employment and therefore this cause of action is defective as to both defendants. An

10   attempt to remedy this defect would be futile.

11   Defendant Ms. Ott is not plaintiff's employer.  Both plaintiff and Ms. Ott are employees of

12   Caltrans, a public entity.  Public employment in California is held by statute, not contract. (***Miller v.***

13   ***State of California*** (1977) 18 Cal.3d 808, 813-814)  There can be no contract between public

14   employees, including supervisors, regarding plaintiff's employment and his claim against Ms. Ott

15   should be dismissed.

16   There is also no contract between Caltrans and plaintiff.  Even if plaintiff alleged an employment

17   contract with Defendant Caltrans, his claim would be barred as section 1981 contains no right of action

18   against a state agency such as Caltrans. (***Pittman v. Oregon Employment Department*** (9th Or 2007) 509

19   F.3d 1065)  In ***Pittman***, a former employee alleged race discrimination against the Oregon Department

20   of Employment in violation of section 1981.  The court noted that, "The ability to bring an action against

21   a state is governed, of course, not only by sovereign immunity, <u>but also by whether the statute itself</u>

22   <u>creates a cause of action against a state.</u>" [Emphasis added.] (***Pittman, supra.*** 509 F.3d 1065, 1071)

23   After reviewing the relevant history, purpose and available remedies associated with section 1981, the

24   court unequivocally concluded that section 1981 contained no right of action against a state. (***Id.*** at

25   1074.)

26   For the foregoing reasons, plaintiff cannot state a section 1981 claim against either defendant and

27   this cause of action must be dismissed.

28   ///

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**

### E. Plaintiff's Tenth Cause of Action is barred because there is no private right of action for violation of Article 1, section 7 of the California Constitution.

Based on the allegations of this cause of action, plaintiff apparently intends to seek damages as the remedy for his Tenth cause of action. However, there is no private right of action under section 7 of Article 1 of the California Constitution. (*Lopez v. Youngblood*, 609 F. Supp. 2d 1125, 1142 (E.D. Cal. 2009) (finding that a plaintiff may not bring damages claim directly under the equal protection provision of California Constitution); *Javor v. Taggart* (2002) 98 Cal. App. 4th 795, 807 ("It is beyond question that a plaintiff is not entitled to damages for a violation of the due process clause or the equal protection clause of the State Constitution.")) Thus, plaintiff's claim for violations of his rights under the California Constitution fails as a matter of law and must be dismissed.

### F. Plaintiff's Eleventh cause of action against both defendants fails to allege compliance with the claim presentation requirements of the Government Claims Act and is therefore barred.

Plaintiff calls his Eleventh cause of action "Ralph Civil Rights Act" and seeks damages for alleged violations of rights under the Ralph Act. (Comp. 21:21.) Plaintiff's claim is barred due to his failure to allege compliance with the Government Claims Act ("GCA"). (Gov. Code § 810 et seq.)

Before bringing any suit for money or damages against a public entity or a public employee, the GCA requires the timely presentation of a written claim and the rejection of that claim. (Gov. Code § 810. et seq. and § 905.2; *State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1239; *Mangold v. Cal. Pub. Utils. Comm'n* (9th Cir. 1995) 67 F.3d 1470, 1477; *Briggs v. Lawrence* (1991) 230 Cal.App.3d 605, 612-613) Claims must be presented within six months of the incident giving rise to a claim. (Gov. Code §§ 911.2; 905.2. *State of California v. Superior Court (Bodde), supra.*) As an essential element of his cause of action, a plaintiff must allege facts demonstrating either compliance with the GCA or an excuse for noncompliance and failure to allege either constitutes a failure to state a cause of action resulting in dismissal of such claims. (*Bodde*, 32 Cal.4th at 772-774. *Bates v. Franchise Tax Board* (2004) 124 Cal.App.4th 367, 382)

The purpose of the GCA is to give a public entity an opportunity to settle just claims before suit is brought, permit early investigation enabling a defense against unjust claims, assist in fiscal planning for potential liability and to avoid such liabilities in the future. (*Lozada v. City of S.F.* (2006) 145

7

Cal.App.4[th] 1139, 1151) [*See also Bozaich v. State of California* (1973) 32 Cal.App.3d 688, citing *Magistretti County v. Merced Irrigation District* (1972) 27 Cal.App.3d 270 ("As has been stated repeatedly, the purpose of the claim-filing requirements of the Government Code is to give the state and public entities the opportunity to investigate promptly, to negotiate settlements, to prepare a defense and to rectify conditions and practices which gave rise to the claim."].)

Accordingly, the claim filing requirement has been held to apply to claims arising from negligence, nuisance, breach of statutory duties, intentional wrongs and contract (*Bates, supra.* 124 Cal.App.4[th] at 382) as well as to claims arising under the Unruh Act (*Gatto v County of Sonoma* (2002) 98 Cal.App.4[th] 744) and the Information Practices Act (*Bates,* 124 Cal.App.4[th] at 384.)

Unless a specific exception applies, a suit for "money or damages" includes all actions where a plaintiff seeks monetary relief, regardless of the basis for the action. (*Lozada, supra* 145 Cal.App.4[th] at 1152.) Exceptions to the GCA filing requirement not specifically enumerated in the GCA have:

> "...occasionally been allowed but only where the claim is based on a statue
> or statutory scheme that includes a functionally equivalent claim process."
> [Emphasis added.] (*Bates* at 383.)

Claims pursued under FEHA have been excused from the claim filing requirements of the GCA because those claims are governed by administrative procedures that do serve as the functional equivalent of the GCA. (*Bates, supra*, 124 Cal.App.4[th] 367 at 383-384, 382)  The GCA and functional equivalence was examined at length in *Bates*.  In *Bates*, plaintiffs filed suit claiming violations of the Information Practices Act (IPA) which has its own administrative procedure.  In support of their argument that compliance with the IPA procedures should excuse them from compliance with the GCA, plaintiffs analogized their situation to cases asserting claims based on FEHA.  Plaintiffs argued that persons complying with FEHA administrative procedures were excused from the GCA and that claims under the IPA should likewise be excused from the GCA.

Rejecting this argument, the court distinguished claims *brought under FEHA* from other types of claims.  The court explained that the FEHA not only created a statutory cause of action:

> "but set out a comprehensive scheme for administrative enforcement,
> emphasizing conciliation, persuasion and voluntary compliance, and
> containing specific limitations periods." (*Bates* at 384.)

8

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF
POINTS AND AUTHORITIES**

1    Similarly, applying the functional equivalence test to the Unruh Act, another court concluded the

2    Unruh Act "contains no provisions similar to the administrative enforcement scheme of FEHA, and

3    therefore, there was no exemption from the claim filing requirement." (**Bates** at 384.) The **Bates** court

4    considered whether the IPA administrative procedures were functionally equivalent to the GCA,

5    determined they were not and held that plaintiffs were not excused from the claim filing requirements of

6    the GCA. (**Bates** at 384.)

7    Ralph Act claims are not excepted from the GCA. The Ralph Act has no administrative

8    procedures at all, much less any that are functionally equivalent to the claims procedures of the GCA.

9    For these reasons, Ralph Act claims are not excepted or excused from the GCA. Plaintiff has failed to

10   allege compliance with the GCA or excuse therefrom and his Ralph Act claim is therefore barred.

11   Plaintiff's Eleventh cause of action should be dismissed.

12   ### G.  Plaintiff's Eleventh cause of action for "Ralph Act" violations is deficient for failure to allege the elements of a violation of the Ralph Act.

13

14   Plaintiff styles his eleventh cause of action "Ralph Civil Rights Act" and in support thereof,

15   invokes jurisdiction pursuant to FEHA (Compl. 22:1) and seeks relief for violations of rights protected

16   by FEHA. (Compl. 22:1-4.) Other allegations made in support of this cause of action also refer to

17   FEHA (Gov. Code § 12960 et seq.). (See 22:6; 22:20-25.) Plaintiff's Eleventh cause of action is

18   deficient on its face as it relies solely on provisions of FEHA which are inapplicable to this cause of

19   action. Plaintiff has therefore failed to allege the requisite elements for a violation of the Ralph Act.

20   As pertinent to this action, Civil Code section 51.7, known as the Ralph Act, prohibits violence

21   or intimidation by threat of violence against any persons based on sex, race, color, ancestry, or national

22   origin. (Civ. Code § 51.7) The elements of a claim under the Ralph Act include that (1) the defendant

23   threatened or committed violent acts against the plaintiff; (2) that defendant's action was motivated by

24   discriminatory animus; (3) that plaintiff was harmed and (4) that defendant's conduct was a substantial

25   factor in causing plaintiff's harm. (**Austin B. v. Escondido Union School Dist.** (2007) 149 Cal.App.4[th]

26   860, 880.)

27   There is no indication that the Legislature intended the term "violence" to have any other than its

28   ordinary and usual meaning in the context of the statute. The ordinary meaning of "violence" is as

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**

summarized in "Black's Law Dictionary defines violence as, 'Unjust or unwarranted exercise of force, usually with the accompaniment of vehemence, outrage or fury ....' (6th ed.1990, p. 1570, col.1.) Webster's Third New International Dictionary defines violence in part as, 'exertion of any physical force so as to injure or abuse ... intense, turbulent, or furious action, force, or feeling often destructive ....' ((1970) p. 2554, col. 2.)." Plaintiff includes no allegations that could conceivably fall within this definition.

In support of his Eleventh cause of action, plaintiff alleges a <u>single</u> incident consisting of Ms. Ott's failure to get out of his way in a hallway. (Comp. Paras. 29 and 136). That is the sum total of "violence" alleged. This cannot be sufficient. Since "she did not make any attempt to avoid him" he took "evasive action" and thereby avoided a collision. (Comp. Para. 29.) In other words, she didn't get out of his way, so he had to move instead. This scarcely falls within the definition of "violence."

The Ralph Act has the important purpose of protecting persons from violence and threats of violence which are motivated by a discriminatory purpose. (Civ. Code § 51.7.) Plaintiff's attempt to bring himself within its purview rests entirely on a single, trivial incident which is not sufficient and is implausible on its face to support an inference that any "violence" or attempted violence occurred or that defendants could possibly be liable for the "misconduct" alleged and his claim is thus deficient. (*Iqbal,* 556 U.S. at 677-678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")) People bump into each other in hallways all the time. Here, the parties did not even do that.

Plaintiff has failed to plausibly allege any violence or threat of violence at all, much less any motivated by a discriminatory purpose. Neither has plaintiff plausibly alleged any harm resulting from this incident. The facts as alleged are not sufficient or plausible on their face to permit plaintiff to proceed with a claim for violation of the Ralph Act. Plaintiff's Eleventh cause of action relies on conclusory allegations and fails to allege a claim upon which relief can be granted and should be dismissed.

## IV.    CONCLUSION

Plaintiff asserts several discrete incidents occurring over approximately eighteen months and on that basis alleges eleven separate causes of action. For all the reasons stated herein, various of plaintiff's

10

causes of action should be dismissed without leave to amend.  Specifically, plaintiff's First, Third, Fifth and Ninth causes of action claiming discrimination based on Title VII  should be dismissed as each of them fails to allege exhaustion of administrative remedies because no such allegation was specifically included in each cause of action or incorporated by reference.  Plaintiff's Fifth and Sixth causes of action are also deficient as these causes of action fail to allege exhaustion of administrative remedies for claims of retaliation.

Plaintiff's First, Second, Fifth, Sixth, Seventh and Ninth causes of action for discrimination and retaliation under FEHA and Title VII are barred as to Defendant Sharon Ott because individuals may not be held liable under these statutes.

Plaintiff's Eighth cause of action under section 1981 is barred as plaintiff cannot allege the existence of a contract with either Defendant and even if he could allege a contract with Defendant Caltrans, section 1981 contains no right of action against the State.  Plaintiff's Tenth cause of action is also barred as there is no private right of action for violation of Article 1, section 7 of the California Constitution.

The Eleventh cause of action is precluded for failure to plead compliance with or excuse from the GCA and there is no functional equivalent to GCA claims process for a Ralph Act claim.  As a further basis for dismissal, plaintiff's Eleventh cause of action fails to plausibly allege the essential elements of a violation of the Ralph Act.

Because plaintiff is unable to state a claim upon which relief can be granted with respect to the above-referenced claims, Defendants respectfully request that their motion to dismiss Plaintiff's Complaint be granted.

Dated: 12/18/12 .

RONALD W. BEALS, Chief Counsel
JEANNE SCHERER, Deputy Chief Counsel
JOSE AGUIRRE, Assistant Chief Counsel
KATHRYN T. PAPALIA

By _____
KATHRYN T. PAPALIA
Attorney for Defendants, State of California,
Department of Transportation ("CALTRANS") and
Sharon Ott

11

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**

*Richard Godina v. Caltrans, et al.*
*United States District Court Eastern District of California, Case No. 2:12-CV-02454-KJM-CKD*

### PROOF OF SERVICE

I, the undersigned, say: I am, and was at all times herein mentioned, a citizen of the United States and employed in the County of Sacramento, State of California, over the age of 18 years and not a party to the within action or proceeding; that my business address is 1120 N Street, Sacramento, California; that *December 18, 2012*, I enclosed a true copy of the attached:

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES [FRCP 12(b)(6)]*

in a separate envelope for each of the persons named below, addressed as set forth immediately below the respective names, as follows:

SEE ATTACHED LIST

☐   **By Mail:** I caused such envelope(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with The State of California, Department of Transportation, Legal Division's practice for collection and processing of correspondence and pleadings for mailing. In the ordinary course of business at the Department of Transportation, Legal Division, mail is given the correct amount of postage and is deposited on that same day in a United States Postal Service mailbox in the City of Sacramento, California.

☐   **By Personal Service**: I caused such envelope(s) to be delivered in person to the addressee(s) designated.

☐   **By Overnight Courier Service**: I caused such envelope(s) to be delivered via overnight courier service to the addressee(s) designated.

☐   **By Facsimile:** I caused said document(s) to be transmitted to the telephone number(s) of the addressee(s) designated. A copy of the transmission report showing the transmission was complete and without error is attached hereto.

☒   **By Electronic Notification**: I caused service of the following document on counsel for all parties to this action by electronically filing the document with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Sacramento, California, on *December 18, 2012*.

Reyna Santana – Declarant

-1-
**PROOF OF SERVICE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Edward Ameen Misleh | Attorney for Plaintiff, RICHARD GODINA |
| Law Offices of Edward Misleh | |
| 615 10th Street | |
| Sacramento, CA 95814 | |
| Telephone:  (916) 443-1267 | |
| Facsimile:  (916) 266-9403 | |
| ed@edwardmisleh.com, | |
| tyler@edwardmisleh.com | |

**PROOF OF SERVICE**