1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD GODINA,                          No.  2:12-cv-2454-KJM-CKD

12              Plaintiff,

13        v.                                  ORDER

14   CALTRANS and SHARRON OTT,

15              Defendants.

16

17              On December 18, 2012, defendants CALTRANS and Sharon Ott (collectively,

18   "defendants") moved to dismiss plaintiff Richard Godina's complaint, which was filed on

19   September 27, 2012.  (ECF 1, ECF 13.)  On February 1, 2013, plaintiff filed an opposition to

20   defendants' motion to dismiss.  (ECF 18.)  On February 7, 2013, defendants filed a reply to

21   plaintiff's opposition. (ECF 20.)  For the reasons set forth below, defendants' motion is

22   GRANTED.

23   I.        FACTUAL AND PROCEDURAL BACKGROUND

24              Plaintiff's complaint arises out of alleged gender and racial discrimination, sexual

25   harassment and retaliation he says he experienced while working as a CALTRANS employee.

26   On April 12, 2012, plaintiff submitted a formal complaint to the California Department of Fair

27   Employment and Housing ("DFEH") against CALTRANS and Ott.  (Compl. ¶ 5, ECF 1.)  The

28   DFEH issued a notice of referral to the Employment and Equal Opportunity Commission

1

("EEOC") on April 24, 2012, also indicating a right to sue notice.  (*Id.*)  Plaintiff submitted a formal complaint to the EEOC requesting a right to sue notice.  (*Id.* ¶ 6.)  On June 29, 2012, the EEOC issued a notice of right to sue to plaintiff.  (*Id.*)

Plaintiff alleges eleven causes of action against both defendants: (1) gender discrimination in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; (2) gender discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), CAL. GOV'T CODE §§ 12900, *et seq.*; (3) sexual harassment in violation of Title VII; (4) sexual harassment in violation of FEHA; (5) retaliation in violation of Title VII; (6) retaliation in violation of FEHA; (7) racial discrimination in violation of 42 U.S.C. § 1981; (8) racial discrimination in violation of Title VII; (9) racial discrimination in violation of FEHA; (10) gender and racial discrimination in violation of the Equal Protection Clause, Article I, Section 7, of the California Constitution; (11) violation of the Ralph Civil Rights Act, CAL. CIV. CODE § 51.7.  (ECF 1.)

Defendants move to dismiss all but the fourth cause of action.  In their reply, defendants also request dismissal of the fourth cause of action.  (ECF 20.)

II.     STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"  *Id.* (quoting

2

*Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

III.    ANALYSIS

      A.  Conceded Claims for Retaliation, Racial Discrimination, Violation of Equal Protection Clause, Violation of Ralph Civil Rights Act and Gender Discrimination

        i.  Claims Against CALTRANS and Ott

Defendants both argue that plaintiff's causes of action for retaliation under Title VII and FEHA are defective because plaintiff fails to allege exhaustion of administrative remedies.  (Defs.' Notice of Mot. to Dismiss at 4, ECF 13.)  Plaintiff concedes he did not exhaust administrative remedies before filing these claims for retaliation and requests that he be permitted to remove them from the complaint.  (Mem. in Supp. of Opp'n at 10, ECF 18.)  It is unclear from the complaint whether plaintiff could still exhaust administrative remedies for his retaliation claims and then re-file his claims in this court.  Plaintiff's claims for retaliation against both defendants, the fifth and sixth claims in his complaint, are dismissed with leave to amend these

1  claims against CALTRANS only,[1] if it is possible for plaintiff to amend while complying with

2  Federal Rule of Civil Procedure 11.

3         Defendants also argue that plaintiff cannot state a cause of action against either

4  defendant for violation of 42 U.S.C. § 1981.  (ECF 13 at 6.)  Section 1981 "prohibit[s] racial

5  discrimination by both private and state actors in the making and enforcement of contracts."

6  *Pittman v. Or., Employment Dept.*, 509 F.3d 1065, 1067 (9th Cir. 2007).  Defendants argue that

7  Ott cannot be liable under Section 1981 because there is no contractual relationship between Ott

8  and plaintiff.  (ECF 13 at 6.)  Defendants state that plaintiff cannot allege a claim under Section

9  1981 against CALTRANS because section 1981 does not support a private cause of action against

10  a state or a state entity.  (*Id.* (citing *Pittman*, 509 F.3d at 1071).)  Plaintiff agrees the Section 1981

11  claims should be dismissed.  (ECF 18 at 10.)

12         In contrast to Section 1981, 42 U.S.C. § 1983 provides a vehicle to make claims

13  for constitutional violations against individual state actors who are acting under color of state law.

14  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012).

15         Accordingly, the court dismisses plaintiff's seventh claim against CALTRANS

16  with prejudice and dismisses the seventh claim as to Ott with leave to amend, to the extent

17  plaintiff can allege a claim under Section 1983.

18         Defendants contend that plaintiff's Equal Protection claims against both

19  defendants, as alleged in the tenth cause of action, are barred because there is no private right of

20  action to recover damages for violation of Article 1, Section 7, of the California Constitution.

21  (ECF 13 at 7 (citing *Lopez v. Youngblood*, 609 F. Supp. 2d 1125, 1142 (E.D. Cal. 2009)).)  *See*

22  *also Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300, 329 (Cal. 2002).  Plaintiff agrees he

23  cannot assert this claim (ECF 13 at 11); the court dismisses this claim with prejudice.

24         Defendants argue that plaintiff's Ralph Act claim does not allege compliance with

25  the requirements of the Government Claims Act ("GCA"), and fails to allege the elements of a

26  violation of the Ralph Civil Rights Act.  (*Id.* at 8-9.)   The GCA requires that a plaintiff who

27

28  [1]As explained below, plaintiff cannot bring a claim under FEHA or Title VII against Ott.

4

1   brings a claim in federal court for damages against a public entity or public employee to first

2   allege that the plaintiff presented a written claim and that the claim was rejected. CAL. GOV'T

3   CODE § 945.4; *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

4   Furthermore, in order to satisfy the elements of a Ralph Act violation, a plaintiff must allege harm

5   as a result of violence based on sexual or racial discrimination. CAL. CIV. CODE § 51.7; *see also*

6   *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880 (2007). Plaintiff concedes

7   he has not met these requirements and that his Ralph Act claims should be dismissed. (ECF 18 at

8   11.) The court dismisses his eleventh cause of action with prejudice.

9                            ii.   Claims Against Ott Only

10            Defendants argue plaintiff's causes of action for racial discrimination, sexual

11   harassment and gender discrimination against Ott under Title VII and FEHA should be dismissed

12   because individuals cannot be held liable for discrimination under Title VII or FEHA. (ECF 13 at

13   5 (citing 42 U.S.C. § 2000e; *Miller v. Maxwell*, 991 F.2d. 583, 587-88 (9th Cir. 1993); *Reno v.*

14   *Baird*, 18 Cal. 4th 640, 663 (1998)). Plaintiff concedes that he cannot state a claim of

15   discrimination under Title VII or FEHA against Ott.[2] (ECF 18 at 10.)

16            Therefore, plaintiff's first, second, third, fourth, eighth and ninth causes of action

17   against Ott are dismissed with prejudice.

18                   B.   Title VII Claims against CALTRANS

19            Defendants argue plaintiff's causes of action against CALTRANS for sex

20   discrimination, racial discrimination and sexual harassment under Title VII fail to state a claim

21   because plaintiff did not allege exhaustion of administrative remedies. (ECF 13 at 3.) Title VII

22   requires a plaintiff to first exhaust his administrative remedies before bringing a claim in district

23   court. 42 U.S.C. § 2000e-5(e)(1); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir.

24   2008). Specifically, a person seeking relief under Title VII must first file a formal complaint with

25 _____

26      [2] Neither party directly addresses claims for sexual harassment against Ott under Title VII
  and FEHA. Because plaintiff concedes in his opposition that Ott cannot be liable under Title VII

27   or FEHA, the court dismisses the sexual harassment claims brought under these statutes. *See*
  *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 n.3 (9th Cir. 2007)

28   (considering issue not raised by moving party when it was addressed by opposing party).

1   the EEOC or the appropriate state or local administrative agency.  *Surrell*, 518 F.3d at 1104.

2   Plaintiff responds that he inadvertently omitted allegations that he exhausted administrative

3   remedies and requests leave to amend his first, third and eighth causes of action to properly state

4   claims under Title VII against CALTRANS.  (ECF 18 at 9.)   The court grants defendants' motion

5   to dismiss plaintiff's Title VII claims for sex discrimination, racial discrimination and sexual

6   harassment against CALTRANS with leave to amend.

7                  C.  Sexual Harassment Against CALTRANS Under FEHA

8                  In their reply, defendants assert for the first time that plaintiff did not allege

9   administrative exhaustion as to his claim against CALTRANS for sexual harassment under

10  FEHA, his fourth claim.  (Reply at 3, ECF 20.)  In order to bring a claim under FEHA a plaintiff

11  must first exhaust the administrative remedies available by law.  *Rodriguez v. Airborne Express*,

12  265 F.3d 890, 896 (9th Cir. 2001); *Yurick v. Superior Court*, 209 Cal. App. 3d. 1116, 1121

13  (1989).  Exhaustion requires a plaintiff to file a written claim with the DFEH within one year of

14  the alleged discriminatory action, and obtain a notice for a right to sue from the DFEH.

15  *Rodriguez*, 265 F.3d at 896.   Defendants argue that plaintiff essentially conceded in his

16  opposition that he did not administratively exhaust his FEHA claim for sexual harassment,

17  because plaintiff states in his brief that he "only filed charges for sexual and racial discrimination

18  with the EEOC and DFEH."  (ECF 20 at 2 (citing ECF 18 at 10).)  Defendants did not move to

19  dismiss the sexual harassment claims in their opening motion and it is not clear that plaintiff has

20  conceded this issue in his opposition brief.  *See Burlington N. & Santa Fe Ry. Co.*, 509 F.3d at

21  1093 n.3 (issue raised for the first time in reply brief is deemed waived, unless opposing party

22  addressed issue in its own brief).  Accordingly, the court does not reach defendants' belated

23  motion to dismiss plaintiff's FEHA sexual harassment claim against CALTRANS.

24      IV.      STATE LAW CLAIMS

25                  Having dismissed plaintiff's federal claims, the court has discretion to decline

26  jurisdiction over his state claims.  28 U.S.C. § 1367(c).  "[I]n the usual case in which all federal-

27  law claims are eliminated before trial, the balance of factors to be considered under the pendent

28  jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward

declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Here, because the court has granted plaintiff leave to amend some of his federal claims, the court will retain for now jurisdiction over any state law claims pled in an amended complaint.

V.     CONCLUSION

1.  Plaintiff's retaliation claims under Title VII and FEHA against both defendants are DISMISSED with leave to amend as to CALTRANs only.

2.  Plaintiff's claim under 42 U.S.C. § 1981 against CALTRANS is DISMISSED with prejudice.

3.  Plaintiff's claim under 42 U.S.C. § 1981 against Ott is DISMISSED with leave to amend to the extent plaintiff would state a claim under 42 U.S.C. § 1983.

4.  Plaintiff's claims for discrimination under the California Constitution and claims under the Ralph Act are DISMISSED with prejudice as to both defendants.

5.  Plaintiff's claims for sexual harassment, racial discrimination and gender discrimination under Title VII and FEHA against Ott are DISMISSED with prejudice.

6.  Plaintiff's claims for sexual harassment, racial discrimination, gender discrimination under Title VII against CALTRANS are DISMISSED with leave to amend.

7.  Plaintiff is directed to file any amended complaint within twenty-one (21) days of this order.

IT IS SO ORDERED.

DATED:  June 18, 2013.

_____
UNITED STATES DISTRICT JUDGE

7